## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JONNY ALEXANDER SOLORZANO-PASTRANA,

    Petitioner,

    v.                                    Case No. 26-CV-885

DALE J. SCHMIDT, Sheriff, Dodge County,
et al.,

    Respondents.

## RULE 4 ORDER

Jonny Alexander Solorzano-Pastrana, who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Dodge County Detention Facility in Juneau, Wisconsin, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Hab. Pet., Docket # 1.) Solorzano-Pastrana has paid the $5 statutory filing fee. (*Id.*) Under Rule 4 of the Rules Governing § 2254 Cases, applicable to § 2241 petitions, *see* Rule 1(b) and Civil Local Rule 9(a)(2), the Court must review and screen the petition. During the screening process, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases.

Solorzano-Pastrana is a citizen of Nicaragua who entered the United States without inspection in March 2022. (Hab. Pet. ¶¶ 44, 46.) After having contact with immigration officials near the border, Solorzano-Pastrana was released after several hours on his own recognizance with his wife. (*Id.* ¶ 46.) Solorzano-Pastrana timely filed an asylum application within one year of his arrival, which remains pending. (*Id.*) Solorzano-Pastrana asserts that

he complied with all check-in appointments scheduled by ICE following his release. (*Id.* ¶ 47.) Over four years after his entry into the United States, Solorzano-Pastrana was detained by Respondents at the Milwaukee ICE Field Office while attending a scheduled check-in appointment. (*Id.*)

Solorzano-Pastrana asserts that his continued detention is an unlawful violation of due process and an incorrect interpretation of immigration law. (*Id.* ¶¶ 50–56.) He request the Court order Respondents to either release him, or provide him with a bond hearing within five days. (Hab. Pet., Prayer for Relief at ¶ c.)

The Supreme Court has recognized § 2241 petitions as a forum for statutory and constitutional challenges to detention orders in immigration proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Solorzano-Pastrana alleges his detention violates the Immigration and Nationality Act and the Fifth Amendment as he is being unlawfully detained. Solorzano-Pastrana requests immediate release or to be granted an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). Based on his petition, I cannot conclude that Solorzano-Pastrana is plainly not entitled to relief. Under § 2243:

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed. The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

28 U.S.C. § 2243.

Solorzano-Pastrana has filed a brief simultaneously with his petition. (Docket # 3.) Accordingly, Respondents are ordered to respond to the petition and brief by **May 29, 2026**.

2

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the Clerk of Court shall promptly serve a copy of the petition and this Order upon Scott Smith, Jail Administrator, Dodge County Jail, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that the Clerk of Court shall promptly serve a copy of the petition and this Order upon Sam Olson, Field Office Director, Chicago Field Office, Immigration and Customs Enforcement, and the United States Attorney for the Eastern District of Wisconsin pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS ALSO ORDERED** that Respondents shall respond to the petition no later than **May 29, 2026**. Petitioner may file a reply no later than five (5) days of receiving Respondents' response.

Dated at Milwaukee, Wisconsin this 19th day of May, 2026.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge

3