JONNY ALEXANDER SOLORZANO-PASTRANA,

    Petitioner,

  v.                            Case No.  26-CV-885

DALE J. SCHMIDT, Sheriff, Dodge County,
et al.,

    Respondents.

## ORDER

On May 18, 2026, Jonny Alexander Solorzano-Pastrana filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Hab. Pet., Docket # 1.) Solorzano-Pastrana, a citizen of Nicaragua, asserts that his continued detention violates due process and incorrectly interprets immigration law. He seeks either immediate release or a bond hearing pending removal proceedings. A Rule 4 Order was issued on May 19, 2026, ordering service on the respondents and setting a briefing schedule on the petition. (Docket # 5.) In a letter dated June 23, 2026, Solorzano-Pastrana informed the Court that a final hearing is scheduled in immigration court for June 29, 2026, and he fears that his habeas petition will become moot if no decision is rendered prior to the June 29, 2026, hearing. (Docket # 11.)

Solorzano-Pastrana, like many recent habeas petitioners filing petitions challenging their detention while awaiting removal proceedings, named multiple federal entities as respondents, including the Executive Office for Immigration Review and the United States Secretary of Homeland Security, amongst others. None of these individuals, however, are proper respondents. The proper respondent in a habeas action is the individual having custody

of the person detained. *Kholyavskiy v. Achim*, 443 F.3d 946, 949 (7th Cir. 2006). The Seventh Circuit has made clear that in the immigration context, the warden where the non-citizen is detained pending removal is the proper custodian for habeas purposes, and not other federal actors. *Id.* at 953–54.

Solorzano-Pastrana is currently detained at the Dodge County Detention Facility in Juneau, Wisconsin, and the official ultimately in charge of that facility is the Dodge County Sheriff, Dale J. Schmidt. *See Cisneros-Vera v. Schmidt, et al.*, No. 26-CV-1066, 2026 WL 1746764, at *1 n.1 (E.D. Wis. June 17, 2026). While Solorzano-Pastrana does name Schmidt as a respondent, Schmidt is the *only* proper respondent in this case. And although Schmidt was served with the petition and Rule 4 Order on May 19, 2026 (*see* May 19, 2026, Docket Annotation), he has not yet entered an appearance or consented to the jurisdiction of a magistrate judge. Thus, while the federal actors have appeared and consented, they are not proper parties to this action. This is not a situation where the custodian appeared, consented, and adopted the federal actors' brief as his own. I cannot address the merits of the habeas petition without the full consent of the parties. *See Coleman v. Lab. & Indus. Rev. Comm'n of Wisconsin*, 860 F.3d 461, 475 (7th Cir. 2017).

Schmidt will be given until **12:00 p.m. on Thursday, June 25, 2026**, to enter an appearance, file his consent or refusal to magistrate judge jurisdiction, and state his position on the petition.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 23rd day of June, 2026.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge

3